### In re NEWBOLD. In re HORSLEY. In re WOMAN'S SHOP.

#### (District Court, D. Utah. July 7, 1917.)

#### Nos. 4550, 4682, 4698.

1. CLERKS OF COURTS ☞54—DISTRIBUTION—COMMISSION TO CLERK OF COURT.
    The clerk of the District Court is not entitled to any commission, where, under order of court, he distributes the consideration deposited on a composition in bankruptcy.

2. BANKRUPTCY ☞385—DISTRIBUTION OF COMPOSITIONS—POWER OF COURT.
    The clerk of the District Court is not charged with the distribution of the consideration in cases of compositions, except under a special order of the court, as Bankr. Act July 1, 1898, c. 541, § 12, subsec. "b," 30 Stat. 549 (Comp. St. 1916, § 9596), providing for the confirmation of compositions, and subsection "e," providing that on confirmation the consideration shall be distributed as the judge shall direct, and General Order No. 29 (87 Fed. xii, 32 C. C. A. xii), put such consideration in the control and direction of the court, and the referee in bankruptcy, entitled,

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

under the statute, to one-half of 1 per cent. commission upon the amount distributed, should hold the consideration in a composition case pending the confirmation, and should be designated to make the distribution and a report thereon.

In Bankruptcy. In the matter of the distribution of the consideration upon a confirmation of compositions in bankruptcy in the cases of Joseph N. Newbold, D. H. Horsley, and the Woman's Shop, involuntary bankrupts. Demand of clerk of District Court for 1 per cent. commission on the amounts deposited on compositions, and for receiving, keeping, and paying out the same, denied.

Booth, Lee, Badger & Rich, D. A. Skeen, Gillette, Gustin, Brayton & Cluff, Thomas O. Sheckell, and H. S. Daynes, all of Salt Lake City, Utah, for claimant.

JOHNSON, District Judge. The question has been raised in a number of cases in bankruptcy whether or not the clerk of the court is entitled to charge 1 per cent., or any amount, for the distribution of the consideration paid in compositions effected in bankruptcy proceedings, or whether it is necessary that such distribution be made by the clerk of the court. I have reached the following conclusions respecting the above questions:

[1] First. That the clerk is not entitled to charge a 1 per cent. commission, or make any charge whatever in such matters, when he acts as distributing agent under the direction of the court. I reach this conclusion upon the consideration that the bankruptcy statute nowhere provides for such a charge by the clerk, while it does provide for a specific charge or allowance, under certain conditions, to be made to a trustee in bankruptcy, and in all cases to the referee.

[2] Second. I do not find that the clerk is charged with the duty of making the distribution of the consideration in cases of compositions, and I am of the opinion that the law does not contemplate that such distribution shall be made by him, except under a special order of the court made in any particular case. Section 12, respecting compositions, subsection "b," provides:

"An application for the confirmation of a composition may be filed in the court of bankruptcy after, but not before, it has been accepted in writing by a majority in number of all creditors whose claims have been allowed, which number must represent a majority in amount of such claims, and the consideration to be paid by the bankrupt to his creditors, and the money necessary to pay all debts which have priority and the cost of the proceedings, have been deposited in such place as shall be designated by and subject to the order of the judge."

Under the paragraph above quoted the bankrupt is required to deposit the agreed consideration "in such place as shall be designated by and subject to the order of the judge." Congress evidently intended that, before an application for the confirmation of a composition should be filed in the court, the bankrupt must place the consideration to be paid by him to his creditors subject to the order of the judge of the court and in such place as the court should designate. There is nothing in this section which indicates that the court is limited to the designation of any particular place, as, for instance, a United States de-

positary, or to the clerk; the purpose evidently being to make the consideration available for the benefit of the creditors in case a confirmation of the composition by the court is made.

Subsection "e" provides:

"Upon the confirmation of a composition, the consideration shall be distributed as the judge shall direct, and the case dismissed."

Considering the two subsections above quoted together, it appears that it was the intention of Congress that the consideration to be paid by the bankrupt to his creditors should, from the time of the filing of his application for confirmation, be subject to and under the control of the judge of the court, and by the court held for the creditors at such place (or by such person) as the judge should designate, and that, on the confirmation by the court, the consideration so held subject to the order of the judge should be distributed in such manner and by such person as the judge shall direct. It is apparent that there is no limitation placed upon the court, or the judge, as to the person by whom the consideration shall be distributed. The consideration may be, and oftentimes is, in property other than money, and the distribution of such property would consist of its manual delivery to the various creditors entitled thereto, and there is no occasion, I apprehend, for making any distinction with respect to the distribution of property other than money and money itself when it constitutes the consideration to be received by the creditors.

General Order No. 29 (89 Fed. xii, 32 C. C. A. xii) has no application to, and was not intended to apply to, the consideration paid upon a composition, inasmuch as the court is not limited to a depositary designating a place where the consideration, shall be deposited by the bankrupt for the benefit of his creditors before the filing of his application for confirmation of composition; nor do I think rule No. 63, which provides that the distribution of the deposit shall be made by the clerk of the court, etc., is or was intended to be other than suggestive. I am of the opinion that the judge of the court is at liberty to designate any suitable place or person to hold the consideration pending confirmation, and is at liberty to designate any suitable person to make the distribution after confirmation.

As a matter of practice I think the referee in bankruptcy who has the matter in charge, and who, under the statute, is entitled to one-half of 1 per cent. commission upon the amount distributed, is the person who should hold the consideration pending the confirmation, and should be designated afterwards to make the distribution. When the whole fund, or other property, has been fully distributed, and any remaining funds or property returned to the bankrupt, if such is the case, the referee should make a full report, and return the same, with vouchers attached, to be filed with the original papers, as is the rule in regular bankruptcy proceedings.

The proceedings now pending in this court involving the matters above discussed will be disposed of in the manner as above suggested.